FEN–MAO LIN, Xian Lin–
Qi, Petitioners,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

Nos. 05–0733–ag(L), 05–0734–ag (Con).

United States Court of Appeals,
Second Circuit.

Aug. 30, 2006.

Theodore Cox, New York, NY, for Petitioners.

Rosa Emilia Rodriguez Velez, United States Attorney, Nelson Pérez–Sosa, Germán A. Rieckehoff, Assistant United States Attorneys, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Fen–Mao Lin and Xian Lin–Qi, natives and citizens of China, seek review of a January 25, 2005 order of the BIA affirming the October 27, 2003 decision of Immigration Judge ("IJ") Patricia Rohan denying their application for asylum and withholding of deportation. *In re Fen–Mao Lin,* No. A 70 850 144 (B.I.A. Jan. 25, 2005), *aff'g* No. A 70 850 144 (Immig. Ct. N.Y. City Oct. 27, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was materially flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, the IJ found that Lin's testimony was incredible, inasmuch as he was unable to offer a reasonable explanation for stating in his initial asylum application that his wife had been forcibly sterilized in 1987, when he admitted at the hearing and in his supplemental asylum application that his wife was sterilized in 1995, two years after he submitted his initial asylum application. Lin also admitted that his wife filed a false application, in which she claimed that Lin was in China in 1995, when she was allegedly sterilized.

Lin argues that the IJ completely disregarded his reasonable explanation that a travel agency falsely prepared his and his wife's initial asylum applications. The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). The IJ's findings are reasonable and supported by substantial evidence in the record.

■ The IJ further noted that Lin did not bring his wife, who was present in the United States, to testify on his behalf, nor did he submit corroborating statements from family members or witnesses which may have supported his recitation of events. The IJ determined that such corroboration was necessary because of the prior submission of false statements and claims before the court. As a result of the false applications submitted by both Lin and his wife, it was reasonable for the IJ to expect evidence corroborating Lin's testimony. *See Xiao Ji Chen,* 434 F.3d at 164; *Zhou Yun Zhang,* 386 F.3d at 78.

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *See also Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, these consolidated petitions for review are DENIED.

Having completed our review, any stay of removal that the Court previously granted in these petitions are VACATED, and any pending motion for a stay of removal in these petition are DENIED as moot. Any pending request for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).